# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEVIN LOOMAN,** | ) CASE NO.: |
| Plaintiff, | ) |
| v. | ) JUDGE |
| **S.A. COMUNALE CO., INC.** | ) **COMPLAINT** |
| Defendant. | ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff Kevin Looman, by and through counsel, brings this Complaint against Defendant S.A. Comunale Co., Inc., and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Stark County, Ohio. Plaintiff was employed by Defendant during all times relevant to this Complaint.

2. Defendant is a corporation for profit with a principal place of business in Summit County, Ohio. Defendant can be served via its Registered Agent, Corporation Service Company, 50 West Broad Street, Suite 1130, Columbus, Ohio 43215.

3. At all times relevant to this Complaint, Defendant was an employer covered by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA").

4. At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than 12 months and worked at least 1,250 hours for Defendant during the relevant twelve-month period.

**JURISDICTION AND VENUE**

5. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the FMLA.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2).

**STATEMENT OF FACTS**

7. Plaintiff was employed by Defendant for 23 months. Plaintiff's performance was exemplary, and he was promoted from the position of Plumbing Sales Representative to Plumbing Sales Manager.

8. In May 2021, Plaintiff became ill with a health condition that required him to see his physician on multiple times within a 30-day period.

9. Plaintiff's health condition also involved a regimen of continuing treatment by his health care provider, including but not limited to prescription medication.

10. Among other dates, Plaintiff was required to miss work from June 7, 2021 through June 11, 2021 as a result of his serious health condition.

11. As Plaintiff was unable to work because of his diagnosis and treatment, Plaintiff was incapacitated with a serious health condition within the meaning of the FMLA for more than three consecutive days, and required a leave of absence pursuant to the FMLA.

12. Plaintiff informed Defendant of his need for leave promptly. In advance of his absence during the week of June 7 through June 11, Plaintiff coordinated with Defendant to take vacation for the entire week.

13. Despite being aware that Plaintiff was incapacitated for more than three consecutive days because of a serious health condition, Defendant did not provide Plaintiff with a notice of

eligibility as required by the FMLA. Moreover, rather than providing Plaintiff with a protected period of leave, Defendant instead chose to terminate Plaintiff's employment.

14. While Plaintiff was absent during the week of June 7, Defendant held a meeting in which it informed Plaintiff's co-workers that Plaintiff's employment was terminated.

15. Plaintiff received word of his termination from one of his co-workers.

16. Shortly thereafter, while Plaintiff was still incapacitated due to a serious health condition, Defendant's Human Resources department contacted Plaintiff and asked him to come in for a meeting on Monday, June 14.

17. Plaintiff responded by informing Defendant's Human Resources Manager that he had already received word of his termination. As Plaintiff was already aware of his termination, Plaintiff expressed to Defendant that he would rather communicate through writing.

18. In response, Defendant's Human Resources Manager conceded that Plaintiff's employment was terminated, and stated "[i]f you do not want to discuss anything in person then we can do so through email, but you still need to return all company equipment including your vehicle."

19. Plaintiff timely returned his company-issued equipment at approximately 7 AM on June 14, as directed by Defendant. Plaintiff promptly informed Human Resources that all property had been returned.

20. Defendant's Human Resources manager confirmed receipt, thanked Plaintiff for returning the property, and stated that she had "just overnighted you a letter detailing your benefits so please let me know if you have any questions while going through it."

21. The letter that Defendant sent, however, contained the demonstrably false position that Plaintiff was a "no call/ no show" to a company meeting, and that "[d]ue to you turning in all

Company property and not showing up to the scheduled 8:30 AM meeting, we are considering this your resignation."

22. In reality, Plaintiff did not resign his employment, and returned his equipment as directed by Defendant upon learning of his termination.

23. At the time of his request for leave, Plaintiff had been continuously employed as a full-time employee for over 12 months, and he had worked more than 1,250 hours in the preceding year. Thus, Plaintiff was a covered employee within the meaning of the FMLA.

24. In informing Defendant of his need for a leave of absence, Plaintiff had provided Defendant with "enough information to reasonably conclude that an event described in the FMLA § 2612(a)(1) has occurred." *Wallace v. FedEx Corp.*, 764 F.3d 571 (6th Cir. 2014); *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 723-724 (6th Cir. 2003); *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 451 (6th Cir. 1999)). Thus, Defendant was on Notice of Plaintiff's need for FMLA leave.

25. Although Defendant was on notice of Plaintiff's need for FMLA leave, Defendant failed to provide Plaintiff with required notices of eligibility as described in the FMLA regulations. *See* 29 CFR 825.300. Moreover, Defendant failed to provide Plaintiff with a protected leave of absence, and instead terminated his employment.

26. By failing to provide notices as required by the FMLA, and by terminating Plaintiff's employment for taking leave protected by the FMLA, Defendant interfered with Plaintiff's rights under the FMLA.

## COUNT I
### (Violation of FMLA – Interference / Wrongful Termination)

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. At all relevant times, Defendant was an employer as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

29. Plaintiff's medical condition constituted a serious health condition as defined by the FMLA.

30. Plaintiff required FMLA leave due to his serious health condition. Plaintiff informed Defendant of this need for FMLA, and Defendant was on notice of such need.

31. Defendant's failure to provide Plaintiff with required FMLA notices and a period of FMLA-protected leave interfered with Plaintiff's rights under the FMLA, and directly resulted in the termination of his employment.

32. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost, and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff his reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
1360 East Ninth Street
Suite 808
Cleveland, Ohio 44114
Telephone 216.230.2955
Email: clalak@ohlaborlaw.com

*Counsel for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*